IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**TOBY M. DUCKETT,**

    **Movant,**

v.                           **Case No. 3:16-cv-05629**
                           **Criminal Case No. 3:10-cr-00075**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant Toby M. Duckett's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (ECF No. 64). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Movant's motion is untimely under 28 U.S.C. § 2255(f); therefore, the undersigned respectfully **RECOMMENDS** that the § 2255 motion be **DENIED** and this matter be **DISMISSED** from the docket of the Court.

**I.     Discussion**

On December 13, 2010, Movant was convicted of bank robbery in violation of 18

1

U.S.C. § 2113(a) and (d), as well as brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (ECF No. 57).[1] Movant did not file a direct appeal. Many years later, on June 22, 2016, Movant filed the instant § 2255 motion, arguing that his sentence should be corrected in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 64).

In *Johnson*, the Supreme Court considered a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), under which a person could receive more severe punishment as an armed career criminal if the person had at least three prior "violent felony" convictions. *Johnson,* 135 S. Ct. at 2555. The ACCA defined the term "violent felony" to include crimes that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Supreme Court found that the above-quoted portion of the definition of "violent felony," known as the residual clause, was unconstitutionally vague because it left too much uncertainty as to what acts and crimes would qualify as violent felonies. *Id.* at 2557-58. Therefore, the Supreme Court found that imposing an enhanced sentence by using the residual clause of the ACCA violated the Constitution's guarantee of due process. *Id.* at 2563.

In this matter, Movant was convicted of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The "crime of violence" during which Movant brandished a firearm was a bank robbery. Movant contends that the statutory definition of "crime of violence" contains a residual clause that is "materially indistinguishable" from the residual clause in the ACCA that was struck down in

---

[1] The citations in this PF&R reference the docket entries in Movant's criminal case, *U.S. v. Duckett*, No. 3:10-cr-00075.

*Johnson*. (ECF No. 64 at 2). The term "crime of violence" includes, *inter alia*, any felony that "by its nature, involves a substantial risk that physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(B). Movant argues that § 924(c)(3)(B) is void for vagueness based upon the reasoning in *Johnson*; thus, he states that his federal armed bank robbery offense can no longer qualify as a "crime of violence." (ECF No. 64 at 2).

In his motion, Movant acknowledged the holding in *United States v. McNeal*, 818 F.3d 141, 151 (4th Cir. 2016), *cert. denied,* 137 S. Ct. 164 (2016). In *McNeal*, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") examined whether federal armed bank robbery, 18 U.S.C. § 2113(d), was a "crime of violence" under 18 U.S.C. § 924(c)(3) following the *Johnson* decision. The Fourth Circuit explained that "[a]s defined in § 924(c)(3), the phrase 'crime of violence' meant a felony offense that either: '(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) ... by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" *McNeal*, 818 F.3d at 151. The first portion of the definition, subparagraph (A), was known as the "force clause" and subparagraph (B) was referred to as the "residual clause." *Id.* at 151-52. The Fourth Circuit then examined the statutory elements of the federal crime of armed bank robbery, noting that the crime required that "money was taken by force and violence, or by intimidation." *Id.* at 152; *see* 18 U.S.C. § 2113(a). Therefore, given the fact that the crime required force and violence or intimidation, the Fourth Circuit stated that bank robbery under 18 U.S.C. § 2113 qualified as a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3). *Id.* at 157.

3

Following *McNeal*, the Fourth Circuit considered a case in which a movant sought pre-filing authorization to file a successive § 2255 motion based upon *Johnson*. *In re Hubbard*, 825 F.3d 225, 228–29 (4th Cir. 2016). The movant raised two arguments: (1) *Johnson* invalidated his career offender status under the United States Sentencing Guidelines and (2) federal armed bank robbery was not a "crime of violence" based on *Johnson*. As relevant to the instant matter, the Fourth Circuit held that the movant unequivocally failed to state a viable claim that federal armed bank robbery was not a "crime of violence." *Id*. The Fourth Circuit explained that after the movant's motion was filed, the Fourth Circuit decided *McNeal*, which found that consonant with Fourth Circuit precedent "federal armed bank robbery is a crime of violence, specifically under the "force clause" of 18 U.S.C. § 924(c)(3), and that the holding in *Johnson* is inapplicable." *Id*.

Despite the Fourth Circuit's clear rulings in *McNeal* and *In re Hubbard*, Movant filed the instant § 2255 motion, arguing that this Court should not rely on such precedent because *McNeal* was pending review by the Supreme Court and because the United States Court of Appeals for the Sixth Circuit reached a contrary ruling in one of its cases, thus leaving the issue "not fully decided and subject to further change." (ECF No. 64 at 2). However, subsequent to Movant's motion, the Supreme Court denied the petition for a writ of certiorari in *McNeal v. United States*, 137 S. Ct. 164 (2016).

Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from

4

making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Movant's only argument that his motion, which was filed over five years after his judgment of conviction became final, is timely under the AEDPA is that *Johnson* created a newly recognized right that is applicable to him. Specifically, he states that his conviction for federal armed bank robbery no longer qualifies as a "crime of violence" based on *Johnson*. However, the Fourth Circuit has now indisputably ruled that *Johnson* does not apply to Movant's claim. *McNeal*, 818 F.3d at 157; *In re Hubbard*, 825 F.3d at 229. Therefore, given the fact that Movant's motion does not meet any provision of § 2255(f), and he offers no other basis upon which the Court can conclude that the motion is timely, the undersigned **FINDS** that Movant's motion is untimely and must be dismissed.

## II.   Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 64), be **DENIED** as untimely and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (for filing of objections) and three days (if PF&R is received by mail) from the date of filing this PF&R within which to file with the Clerk of this Court, specific written objections, identifying the portions of the PF&R to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant, Respondent, and counsel of record.

**FILED:** February 6, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge