# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

TOBY M. DUCKETT,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 3:16-05629
Criminal Case No. 3:10-00075

## MEMORANDUM OPINION AND ORDER

Movant Toby Duckett filed the Motion to Correct Sentence under 28 U.S.C. § 2255 on June 22, 2016. *Mot. to Correct*, ECF No. 64. By Standing Order, the motion was referred to Magistrate Judge Cheryl A. Eifert for Proposed Findings and Recommendations ("PF&R"). ECF No. 65. Magistrate Judge Eifert issued her PF&R on February 6, 2018, recommending that Movant's motion be denied as untimely and that this action be dismissed. *PF&R*, p. 5, ECF No. 75. Movant timely objected to the PF&R. *Objs. to PF&R*, ECF No. 80.

This Court must "make a de novo determination of those portions of the . . . proposed findings or recommendations to which objection is made." 28 U. S. C. § 636(b)(1)(C). The Court is not required to review the factual or legal conclusions to those portions of the findings or recommendations to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Movant's Objections state his motion is timely, despite being convicted in 2010, because it was filed within one year of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Objs. to PF&R*, at 3. Movant claims failure to timely raise an issue is excused when "a decision of the Supreme Court 'may explicitly overrule one of [its] precedents.'"

*Id.* (quoting *Reed v. Ross*, 468 U.S. 1 (1984)). Movant argues *Johnson* is such a case, because it overruled past cases which rejected vagueness challenges to the "residual clause" of the Armed Career Criminal Act ("ACCA"),[1] and this case applies in Movant's sentencing. He claims his underlying conviction of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) "categorically fails to qualify as crime of violence" under *Johnson*, and thus his conviction of brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c) is now void. *Mot. to Correct*, at 1.

However, as Magistrate Judge Eifert stated, and Movant failed to address in his objections, the Fourth Circuit has explicitly held otherwise. In *United States v. McNeal*, the court stated that "bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3)[.]"[2] 818 F.3d 141, 157 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 164 (2016). Thus, *Johnson* is inapplicable to Movant's case and his motion is untimely. *See In re Hubbard*, 825 F.3d 225, 229 (4th Cir. 2016).

---

[1] In *Johnson*, the United States Supreme Court explained that:

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "*involves conduct that presents a serious potential risk of physical injury to another*."

135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). The italicized section of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at 2556. The *Johnson* Court held this language is "unconstitutionally vague" and "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2557 & 2563. Thereafter, in *Welch v. United States,* 136 S. Ct. 1257 (2016), the Supreme Court declared that its decision in *Johnson* announced a new substantive rule that should be applied retroactively to cases on collateral review. 136 S. Ct. at 1268

[2] The Fourth Circuit recognizes two independent clauses that establish a crime of violence under §924(c)(3): the force clause and the residual clause. *See, e.g. United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

For the aforementioned reasons, the Court **DENIES** Movant's Objections (ECF No. 80), **ADOPTS** Magistrate Judge Eifert's PF&R (ECF No. 75), **DENIES** the Motion to Correct Sentence under 28 U.S.C. § 2255 as untimely (ECF No. 64), and **DISMISSES** the case from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Eifert, all counsel of record, and any unrepresented parties.

ENTER: April 5, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE